EBEL, Circuit Judge,
Concurring
I agree that Mr. Fowler is not entitled to habeas relief. However, I would resolve the claim of prosecutorial misconduct on a different basis than the basis used by the majority. Accordingly, I concur in the judgment of the court but write separately on the issue of prosecutorial misconduct. I disagree with the majority’s conclusion rejecting Mr. Fowler’s contention that the prosecutor improperly attributed Mr. Fox’s redacted confession to him during the closing argument of the first phase of the trial. The majority opinion finds that there was no prosecutorial misconduct, reasoning that the prosecutor’s comments did not inject Mr. Fowler into the confession and therefore did not run afoul of the Supreme Court’s decision in Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987).
I believe the prosecutor’s comments improperly associated Mr. Fowler with Mr. Fox’s confession. In Richardson, the trial court admitted the confession of a non-testifying co-defendant but redacted the confession to omit all references to the defendant and gave a limiting instruction that admonished the jury not to use the confession against the defendant. Id. at 203-04, 107 S.Ct. 1702. The prosecutor, however, linked the defendant to the confession of the non-testifying co-defendant during closing argument.[1] Id. at 205, 107 *1314 S.Ct. 1702. The Supreme Court specifically found that, by making such statements, the prosecutor improperly “sought to undo the effect of the limiting instruction by urging the jury to use [the nomtestifying co-defendant’s] confession in evaluating [the defendant’s] case.” Id. at 211, 107 S.Ct. 1702.
The circumstances of this case present a nearly identical situation to that in Richardson. During closing argument, the prosecutor stated, “If all [Mr. Fox] did was shoot and club, who did the stabbing, ladies and gentlemen? You don’t need Tom Bevel [the State’s blood spatter expert] to answer that question for you although he answered it very well.” In making this argument, the prosecutor intentionally injected Mr. Fowler into the confession by negative predicate and invited the jurors to use Mr. Fox’s confession to evaluate Mr. Fowler’s guilt. This is exactly the type of argument found improper by the Supreme Court in Richardson. Thus, I cannot agree with the majority’s conclusion that the prosecutor’s argument fell within permissible boundaries under Richardson.
A prosecutor’s improper comments or argument will require the reversal of a state court conviction only where those remarks sufficiently infect the trial so as to make it fundamentally unfair and, therefore, a denial of due process. See Donnelly v. DeChristoforo, 416 U.S. 637, 643, 645, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir.1998). In determining whether the prosecutor’s improper argument rendered Mr. Fowler’s trial fundamentally unfair, we consider the strength of the evidence against the defendant and decide if the prosecutor’s statements could have tipped the scales in favor of the prosecution. See Jackson, 143 F.3d at 1322. As the majority opinion explains in connection with Mr. Fowler’s contention that the trial court failed to give a proper limiting instruction pursuant to Richardson, there is strong independent evidence of Mr. Fowler’s participation in the crimes. This fact leads me to conclude that the prosecutor’s association of Mr. Fowler with Mr. Fox’s confession, though improper, did not render the trial fundamentally unfair. I therefore concur in the judgment of the court.

. The redacted confession described a conversation between the non-testifying co-defendant and a third party in which the co-defendant and the third party planned to commit an armed robbery. Richardson, 481 U.S. at 203 n. 1, 107 S.Ct. 1702. The defendant later testified at trial. Id. at 204, 107 S.Ct. 1702. The defendant stated that although she was present at a time when the co-defendant and third party were having a conversation, she could not hear the contents of the conversation because she was sitting in the backseat of the car and the radio was playing loudly. Id. During closing argument, the prosecutor said:
It's important in light of [defendant's] testimony when she says [the third party] drives over to [the co-defendant's] home and picks him up to go over. What's the thing that she says? "Well, I'm sitting in the back seat of the car.” "Did you hear any conversation that was going on in the front seat between [the third party] and [the co-defendant]?” "No, couldn’t hear any conversation. The radio was too loud.” I asked *1314 [sic] you whether that is reasonable. Why did she say that? Why did she say she couldn't hear any conversation? She said, “I know they were having conversation but I couldn't hear it because of the radio.”
Because if she admits that she heard the conversation and she admits to the plan, she's guilty of at least armed robbery. So she can't tell you that.
Id. at 205 n. 2, 107 S.Ct. 1702.